UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| IN RE: | | BANKRUPTCY CASE |
|---|---|---|
| JANICE LUCILLE BAKER, | | NO. 23-30417- JPS |
| Debtor. | | CHAPTER 13 PROCEEDING |

**NOTICE OF MOTION TO MODIFY CHAPTER 13 PLAN BEFORE CONFIRMATION**

DEBTOR IN THE ABOVE-STYLED BANKRUPTCY MATTER, HAS FILED DOCUMENTS WITH THE COURT TO MODIFY THE CHAPTER 13 PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

**The confirmation hearing is scheduled for November 29, 2023 at 10:30 AM, U.S. Courtroom, U.S. Post Office Building, 115 East Hancock Avenue, Athens, GA 30601.** If you do not want the court to grant this motion or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response 7 days before the date set for the confirmation hearing noted above **and attend the confirmation hearing.** The objection or response should be sent to:

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
P.O. Box 1957
Macon, Georgia 31202
478-752-3506

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the debtor and trustee.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

*Please refer to Court's website ([www.gamb.uscourts.gov](www.gamb.uscourts.gov)) and Administrative Order 145 prior to the hearing for instructions on whether to appear in person or by phone.*

This notice is sent by the undersigned pursuant to L.B.R. 3015-2 (d)(2)(B).

    Dated: October 29, 2023.
.

                                                                         Respectfully submitted,
                                                                         JEFF FIELD & ASSOCIATES

                                                                         /s/ R. Jeffrey Field

                                                                         _____
                                                                         R. Jeffrey Field 259670
                                                                         Attorney for Debtor
                                                                         342 North Clarendon Avenue
                                                                         Scottdale, Georgia 30079
                                                                         404-499-2700
                                                                         [contactus@fieldlawoffice.com](contactus@fieldlawoffice.com)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | \| | BANKRUPTCY CASE |
| | \| | |
| JANICE LUCILLE BAKER, | \| | NO. 23-30417- JPS |
| | \| | |
| Debtor. | \| | CHAPTER 13 PROCEEDING |

**MOTION TO MODIFY CHAPTER 13 PLAN PRIOR TO CONFIRMATION**

Comes now the Debtor and respectfully shows this Court the following:

The following modifications are shown on the attached Amended Chapter 13 Plan:

Part 3.3 – Delete Athens Housing Authority.
Part 6 – Add Nonstandard provision #4.

Dated: October 29, 2023.

Respectfully submitted,
JEFF FIELD & ASSOCIATES

/s/ R. Jeffrey Field

_____
R. Jeffrey Field 259670
Attorney for Debtor
342 North Clarendon Avenue
Scottdale, Georgia 30079
404-499-2700
contactus@fieldlawoffice.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

**DEBTOR**  * Chapter 13
**Janice Lucille Baker**  * Case No.   23-30417-JPS

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

**Amended Plan**  3.3, 6

## CHAPTER 13 PLAN
## MIDDLE DISTRICT OF GEORGIA
### (NOT OFFICIAL FORM 113)

**Part 1: Notices**

**To Debtors:**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan. Any nonstandard provisions placed in any part other than Part 6 are void.**

| 1.1 | **Limit the Amount of a Secured Claim:** The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of Liens:** The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard Provisions:** The plan sets out **Nonstandard Provision in Part 6.** | ☑ Included | ☐ Not Included |

**1.4 Income status of debtor(s) as stated on Official form 122-C1**

**Check One:**

☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

**Part 2: Plan Payments and Length of Plan**

2.1. **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of __**210.00 SEMI-MONTHLY - Employer deduction requested.**__ . (If the payments change over time include the following.) These plan payments change to ____ on ____

2.2. **Additional Payments:** Additional payments of __ will be made on __ from ____. (Source)

2.3. **Plan Length:** If the debtor's(s') current monthly income is less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.
If the debtor(s)' current monthly income is not less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

**Part 3: Treatment of Secured Claims**

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1. **Long Term Debts:** The monthly payments will be made on the following long-term debts (including debts secured by the debtor's(s') principal residence): (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| **None** | | | |

3.2. **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts (including debts secured by the debtor's(s') principal residence) where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| **-NONE-** | | | | |

3.3. **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | **AMOUNT DUE** | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Athens Housing Authority** | **$10,400.00** | **0.00%** | **Personal property** | **$200.00** |

3.4. **Preconfirmation Adequate Protection:** Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **-NONE-** | |

GAMB Form 113 Fillable PDF 10/9/2019

3.5. **Secured Creditors Subject to Cramdown:** After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| -NONE- | | | | | |

3.6. **Surrendered Collateral:** The following collateral is **surrendered to the creditor.** If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions.** Upon confirmation of this plan, the stay under § 362(a) will terminate as to the collateral only and the stay under § 1301 will terminate in all respects unless the debt is listed as a classified debt in Paragraph 5.3 of the plan. An allowed unsecured claim resulting from the disposition(s) of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| -NONE- | |

3.7. **Debts Paid by Debtor:** The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL |
|---|---|
| -NONE- | |

3.8. **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

**Part 4: Treatment of Fees and Priority Claims**

4.1. **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $**3,900.00** to be paid as follows: **(SELECT ONE)**

☑ Pursuant to the Single Set Fee option in the Administrative Order on Attorney Fees in Chapter 13 Cases.

☐ Hourly billing: Attorneys are required to file an application for compensation with the Court, including an itemization of their time, in accordance with the Administrative Order on Attorney Fees in Chapter 13 Cases.

4.2 **Trustee's Fees:** Trustee's fees are governed by statute and may change during the course of the case.

4.3. **Domestic Support Obligations:** The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ____%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| -NONE- | |

4.4. **Priority Claims:** All other 11 U.S.C. § 507 priority claims, unless already listed under 4.3 will be paid in full over the life of the plan as funds become available in the order specified by law.

**Part 5: Treatment of Non Priority Unsecured Claims**

5.1. **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative; debtor(s) will pay the highest of the three)**

(a) Debtor(s) will pay all of the disposable income as shown on Form 122C of **0.00** to the nonpriority unsecured creditors in order to be eligible for a discharge, unless debtor(s) includes contrary provisions in Part 6 Nonstandard Provisions along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive **0.00**. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $**0.00** to the general unsecured creditors to be distributed prorata.

5.2. **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a) _____% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.3.**

(b) The debtor(s) anticipates unsecured creditors will receive a dividend of __**0**__%, but will also pay the highest amount shown in paragraph, 5.1(a), 5.1(b) or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3. **Classified Unsecured Claims:** The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay less than 100%, or to pay a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | REASON FOR CLASSIFICATION | ESTIMATED AMOUNT OF CLAIM | INTEREST RATE (IF APPLICABLE) |
|---|---|---|---|
| **-NONE-** | | | |

5.4. **Executory Contracts and Unexpired Leases:** The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **Westlake Financial Services - see part 6** | **Leased 2017 Nissan Altima** |

5.5. **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6. **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6: Nonstandard Provisions**

**Nonstandard Provisions:** Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked and any nonstandard provisions placed elsewhere in the plan are void.*

**1) The Debtor will notify the Chapter 13 Trustee upon receipt of any money which is received as part of any lawsuit or cause of action during the pendency of this case. All lawsuits and causes of action the debtor(s) have will remain property of the estate and will not revest in the debtor(s). The issue of disposable income will be reserved until the debtor becomes entitled to funds as a result of a cause of action or lawsuit. All money recovered as part of any pre filing or post filing cause of action or lawsuit over and above exemptions will be disbursed to unsecured creditors to satisfy the best interest of creditors test.**

**2) A proof of claim filed to cure arrearages on a long term debt shall be paid in full, unless objected to, notwithstanding an estimated amount or no amount being stated in Part 3.2 above.**

**3) The pre-petition arrears of Westlake Financial Services shall be paid at the rat of $180.00 per month with contract rate of interest.**

**4) The judicial lien of Athens Housing Authority obtained in Civil Action File No. ST22CV0536-ENS in the state Court of Athens-Clarke County, GA and recorded in GED Book 498, page 232 in the Superior Court of Athens-Clarke County, GA, shall be avoided upon confirmation of debtor's Chapter 13 Plan.**

**Part 7: Signatures**

7.1.   **Certification:** The debtor's(s') attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official form of the Middle District of Georgia, except for language contained in **Part 6: Nonstandard Provisions.**

Debtors

| **/s/ Janice Lucille Baker** | **October 29, 2023** |
|---|---|
| Signature of debtor | Date |

| | |
|---|---|
| Signature of debtor | Date |

Debtor's(s') Attorney

| **/s/ R. Jeffrey Field** | **October 29, 2023** |
|---|---|
| Signature of debtor(s) attorney | Date |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed a true and exact copy of the foregoing Notice and Motion to Modify Chapter 13 Plan Prior Confirmation to the following:

Camille Hope
Office of the Chapter 13 Trustee
PO Box 954
Macon, Georgia 31202

Janice Lucille Baker
205 Lombardy Circle
Athens, GA 30601

All Creditors Reflected on
the Attached Mailing List

electronically or by placing a copy of same in a properly addressed envelope with sufficient postage affixed thereon to insure delivery and depositing same in the United States Mail.

Dated: October 29, 2023.
.

    Respectfully submitted,
    JEFF FIELD & ASSOCIATES

    /s/ R. Jeffrey Field

    _____
    R. Jeffrey Field 259670
    Attorney for Debtor
    342 North Clarendon Avenue
    Scottdale, Georgia 30079
    404-499-2700
    contactus@fieldlawoffice.com

```
Label Matrix for local noticing         Athens Housing Authority                Athens Housing Authority
113G-3                                  c/o Fortson, Bentley & Griffin, P.A.    433 Cherry Street
Case 23-30417-JPS                       2500 Daniell's Bridge Road              P.O. Box 1957
Middle District of Georgia              Building 200, Suite 3A                  Macon, GA 31202-1957
Athens                                  Athens, GA 30606-6178
Sun Oct 29 14:20:06 EDT 2023

Athens Housing Authority                Athens Housing Authority                Avante USA Ltd.
300 S Rocksprings St                    c/o Fortson, Bentley and Griffin, P.A.  3600 South Gessner Road
Athens, GA 30606-3644                   2500 Daniell's Bridge Road              Suite 225
                                        Building 200, Suite 3A                  Houston, TX 77063-5357
                                        Athens, Georgia 30606-6178

Credit One Bank                         Fortson, Bentley & Griffin              (p)GEORGIA DEPARTMENT OF REVENUE
Attn: Bankruptcy Department             2500 Daniell's Bridge Rd                COMPLIANCE DIVISION
Po Box 98873                            Bldg 200 Suite 3A                       ARCS BANKRUPTCY
Las Vegas, NV 89193-8873                Athens, GA 30606-6178                   1800 CENTURY BLVD NE SUITE 9100
                                                                                ATLANTA GA 30345-3202

Internal Rev. Svc./ Insol.              LVNV Funding, LLC                       Prince Parker & Assoc
401 W. Peachtree St., NW                Resurgent Capital Services              Attn: Bankruptcy
Room 400, Stop 334-D                    PO Box 10587                            Po Box 474690
Atlanta, GA 30308                       Greenville, SC 29603-0587               Charlotte, NC 28247-4690

Quantum3 Group LLC as agent for         U.S. Trustee - MAC                      Westlake Financial Services
CASCADE CAPITAL FUNDING LLC             440 Martin Luther King Jr. Boulevard    PO Box 54807
PO Box 788                              Suite 302                               Los Angeles, CA 90054-0807
Kirkland, WA  98083-0788                Macon, GA 31201-7987

Camille Hope                            Janice Lucille Baker                    R. Jeffrey Field
Office of the Chapter 13 Trustee        205 Lombardy Circle                     Jeff Field & Associates
P.O. Box 954                            Athens, GA 30601-1076                   342 North Clarendon Avenue
Macon, GA 31202-0954                                                            Scottdale, GA 30079-1320



               The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
               by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Georgia Department of Revenue           End of Label Matrix
Compliance Division                     Mailable recipients    17
1800 Century Blvd., NE, S9100           Bypassed recipients     0
Atlanta, GA 30345                       Total                  17
```